## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRADLEY WANAMAKER, SR.,                         :
                                                :
                              Plaintiff(s)      :
                                                :
vs.                                             :
                                                :    **CASE NO.  2:25-cv-05027**
AARON RESTAURANT GROUP, LTD.; and               :
OUTBACK STEAKHOUSE OF FLORIDA,                  :
LLC, t/d/b/a OUTBACK/MID-ATLANTIC               :
JOINT VENTURE, t/d/b/a OUTBACK                  :
STEAKHOUSE,                                     :
                                                :
                              Defendant(s)      :
                                                :

Defendant, Outback Steakhouse of Florida, LLC, (incorrectly captioned as Aaron Restaurant Group, LTD and Outback/Mid-Atlantic Joint Venture), operating as Outback Steakhouse, by and through its counsel, Briggs Law Office, LLC, hereby responds to Plaintiff's Complaint as follows:

### **PARTIES**

1.      Denied. Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

2.      Denied as stated.  In June 1998, Aaron Restaurant Group, Ltd. merged with Outback Steakhouse of Florida, Inc., with Outback Steakhouse of Florida, Inc. being the surviving corporation.

3.      Denied as stated.  In June 2007, Outback Steakhouse of Florida, Inc. converted to Outback Steakhouse of Florida, LLC. In April 2017, Outback/Mid-Atlantic-I, Limited Partnership was dissolved.

4.      Denied.

5.      Admitted in part and denied in part. It is admitted that Defendant Outback Steakhouse of Florida, LLC, operates a restaurant located at 610 Old York Road, Jenkintown, Montgomery County, Pennsylvania. The remainder of this allegation is denied.

**WHEREFORE**, Defendant Outback Steakhouse of Florida, LLC, demands judgment in its favor and against the Plaintiff, Bradley Wanamaker, Sr., along with costs of said action.

## JURISDICTION AND VENUE

6.      Denied as a conclusion of law.

7.      Denied as a conclusion of law.

WHEREFORE, Defendant Outback Steakhouse of Florida, LLC, demands judgment in its favor and against the Plaintiff, Bradley Wanamaker, Sr., along with costs of said action.

## FACTUAL BACKGROUND

8.      Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

9.      Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

10.      Denied as a conclusion of law.

11.      Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

12.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

13.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

14.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

15.     Denied as a conclusion of law.

16.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

17.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

18.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

19.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

20.     Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

21.    Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

22.    Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

23.    Denied as a conclusion of law. To the extent the allegations within this paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is therefore demanded at the time of trial.

24.    Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

25.    Denied as a conclusion of law.

26.    Denied.  Answering Defendant does not possess sufficient information to admit or deny the allegations of said paragraphs. Strict proof is therefore demanded at the time of trial.

27.    Denied as a conclusion of law.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE

28.    Answering Defendant incorporates by reference its responses to the preceding paragraphs as though fully set forth at length herein.

29.    Denied as a conclusion of law.

30.    (a-q).  Denied as a conclusion of law.

31.    Denied as a conclusion of law.

32.    Denied as a conclusion of law.

33.    Denied as a conclusion of law.

34.    (a-g).  Denied as a conclusion of law. To the extent the allegations within this paragraph are deemed other than conclusions of law, said allegations are denied because after reasonable investigation, Answering Defendant does not possess sufficient information to admit or deny the allegations contained within said paragraph. Strict proof is therefore demanded at the time of trial.

**WHEREFORE**, Defendant Outback Steakhouse of Florida, LLC, demands judgment in its favor and against the Plaintiff, Bradley Wanamaker, Sr., along with costs of said action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by individuals and/or entities which the Answering Defendant had no control over, and/or right to control.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited by his own comparative negligence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the Doctrine of Assumption of Risk.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant owed no duty to the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant had no actual and/or constructive notice of the alleged dangerous condition.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was a trespasser at the time of the incident.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were not caused by the condition described within the Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages are barred and/or limited by the collateral source rule.

### ELEVENTH AFFIRMATIVE DEFENSE

Any purported negligence or liability on the part of the Answering Defendant is merely passive in nature.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant is not strictly liable for Plaintiff's alleged injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

There was no defective condition on the Answer Defendant's premises at the time of the alleged incident.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not caused by the food allegedly consumed by the Plaintiff at Answering Defendant's place of business.

**DEMAND FOR JURY**

Defendant hereby requests a demand for trial by jury.

Respectfully submitted,

BRIGGS LAW OFFICE, LLC

Date: September 12, 2025

By: *s/NORMAN W. BRIGGS*

_____

NORMAN W. BRIGGS, ESQUIRE
Attorney ID No. 60914
2 Penn Center
1500 JFK Boulevard Suite 1110
Philadelphia, PA 19102
Attorneys for Defendant
Outback Steakhouse of Florida, LLC
e-mail: nbriggs@thebriggslaw.com